UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOE HAND PROMOTIONS INC.,

    Plaintiff,

v.

PAUL J. BENDOFF, *et al.*,

    Defendant.

Case No. 2:25-cv-198
**Chief Judge Sarah D. Morrison**
**Magistrate Judge Elizabeth A. Preston Deavers**

## OPINION AND ORDER

This matter is before the Court on three motions. Plaintiff Joe Hand Promotions, Inc. filed a Motion for Default Judgment against Paul J. Bendoff (ECF No. 18) and a Motion to Strike Answer of Paul J. Bendoff (ECF No. 21). Mr. Bendoff filed a request that the Court construes as a Motion to Vacate Entry of Default (ECF No. 23). For the reasons below, Mr. Bendoff's Motion is **GRANTED** and Joe Hand's Motions are **DENIED**.

I.    BACKGROUND

On March 3, 2025, Joe Hand Promotions, Inc. filed suit against Paul J. Bendoff, Kyle J. Piko, and Jims Trackside LLC for pirating pay-per-view fights. (Compl., ECF No. 1.) According to the Complaint, Bendoff and Piko streamed a Joe Hand fight at their bar without paying for the right to do so.[1] (*Id.*) On May 28, Joe Hand applied for an entry of default against Bendoff, which was granted. (ECF Nos.

---

[1] The company settled with Piko (ECF No. 8) and dismissed Jims Trackside (ECF No. 17); Bendoff is the only remaining Defendant.

11, 12.) On June 30, it filed a motion for default judgment. (ECF No. 18.) Bendoff had not appeared in or defended against the action until he filed an Answer on July 17, asserting that he is not "on" the Jims Trackside LLC or liquor license. (ECF No. 20.) Joe Hand moved to strike the Answer as untimely. (ECF No. 21.)

The Court ordered Bendoff to show cause why his Answer should not be stricken for failure to comply with the applicable rules. (ECF No. 22.) In his response, Bendoff apologizes for "not taking the proper steps" and asks for an opportunity "to show that [he is] innocent." (ECF No. 23.) The Court construes this request as a motion to vacate the Clerk's entry of default.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides a sequential, two-step process for obtaining a default judgment. First, a party must apply for and obtain an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). Second, the party must apply to either the Clerk or the Court for a default judgment. Fed. R. Civ. P. 55(b).

Rule 55 also provides that "[a] district court may, in its discretion, 'set aside an entry of default for good cause.'" *Courser v. Allard*, 969 F.3d 604, 624 (6th Cir. 2020) (quoting Fed. R. Civ. P. 55(c)). Courts consider three equitable factors to determine whether good cause exists: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (internal quotation and citation omitted). "All three factors must be considered in ruling on a motion to set aside an entry of default." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986)

But when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id*. Further, "[b]ecause 'trials on the merits are favored in federal courts,' 'any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Courser*, 969 F.3d at 624 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983)) (cleaned up).

### III. ANALYSIS

In light of the policy disfavoring default judgment, the Court will begin its analysis with the Rule 55(c) factors. In this case, the factors weigh in favor of finding good cause, and granting Bendoff's Motion.

Under the first factor, the Court considers whether Bendoff's culpable conduct led to his default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (internal quotation and citation omitted). Upon review of Bendoff's response to the Show Cause Order, the Court is persuaded that his default was not caused by culpable conduct.

Turning to the second factor, the Court considers whether Bendoff has a meritorious defense to Joe Hand's claims. A defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) (citations omitted). In other

3

words, if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell*, 434 F.3d at 834 (6th Cir. 2006) (internal quotation and citation omitted) (emphasis in original). Though spartan and void of any legal authority on the effect of these facts, Bendoff argues that he is "innocent" because he is "not on the LLC" or the Jims Trackside liquor license. This is sufficient for purposes of Rule 55(c).

Finally, the Court considers whether Joe Hand will be prejudiced by the Court setting aside the entry of default against Bendoff. Because this case is in its infancy, no prejudice will accrue.

## IV. CONCLUSION

For these reasons, Bendoff's Motion to Vacate Entry of Default (ECF no. 23) is **GRANTED**. The Clerk's Entry of Default against Bendoff (ECF No. 11) is **VACATED** and Joe Hand Promotions' Motion for Default Judgment (ECF No. 18) is **DENIED**. Joe Hand Promotion's Motion to Strike (ECF No. 21) is likewise **DENIED**. This matter will proceed in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE
UNITED STATES DISTRICT COURT**

4